IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Daniel J. Perry, | ) | Case No.: 6:20-cv-02551-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Charles Lancaster, Juan Olalde, Jr., and | ) | |
| Sgt. Mays, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Daniel J. Perry ("Perry" or "Plaintiff") proceeding *pro se* filed this lawsuit alleging civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's civil rights claims arise out of two separate incidents against three Greenville County deputies in their official and individual capacities. (DE 1.)

Plaintiff filed a Motion for Summary Judgment on December 28, 2020, stating that Defendants lacked probable cause to initiate two separate traffic stops occurring on April 2, 2019, involving Defendant Charles Lancaster ("Lancaster"), and September 1, 2019, involving Defendant Juan Olalde, Jr. ("Olalde"). (DE 35.) Defendants Lancaster, Olalde, and Sgt. Mays

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(hereinafter "Defendants") filed Defendants' Opposition to Plaintiff's Motion for Summary Judgment (DE 39) and Defendants' Cross Motion for Summary Judgment on January 11, 2021, contending that Perry fails to state a claim under 42 U.S.C. § 1983 and Defendants are entitled to qualified and 11th Amendment immunity. (DE 36). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (DE 41.) Perry filed a response in opposition to Defendants' motion on January 21, 2021. (DE 45.)

The Report was issued on March 12, 2021, recommending that Defendants' summary judgment motion (DE 36) be granted and that Plaintiff's summary judgment motion (DE 35) be denied. (DE 50.) Perry filed an objection to the Report and Recommendation on March 25, 2021. (DE 52.) For the reasons set forth below, the Court adopts the Report and Recommendation and grants the Defendants' Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## BACKGROUND

A full recitation of Plaintiff's allegations is set forth in the Report and Recommendation, which the Court adopts. However, for the sake of brevity, the following simplification of facts is sufficient for the matters addressed herein. On April 2, 2019, at approximately 3:45 a.m., Defendant Lancaster observed Plaintiff commit several moving violations, and he initiated a traffic stop. (DE 36-1, ¶ 2.) When Lancaster asked Plaintiff for his driver's license, registration, and proof of insurance, Plaintiff told Lancaster that he did not have his license with him, but he could show Lancaster a picture of it on his cellphone. When Lancaster asked Plaintiff if he had any weapons in the vehicle, Plaintiff told him that he was wearing his pistol. Although Plaintiff believed he could lawfully carry the weapon while he was driving, Lancaster explained he could

not.  Lancaster also determined Perry's South Carolina driver's license had previously been suspended, and Lancaster subsequently arrested Perry for unlawful carrying of a handgun and second-offense driving under suspension non DUI.

Separately, on September 1, 2019, at approximately 4:10 a.m., Defendant Olalde observed Plaintiff fail to stop at a stop sign. (DE 36-2, ¶ 2.)  Olalde initiated a traffic stop and determined that the tag light on the vehicle was inoperable.  During the traffic stop, Olalde determined that Perry's license was suspended and that Perry was wanted for failing to comply with the terms of his bond for General Sessions charges of trafficking methamphetamine and trafficking heroin and that Perry had several outstanding arrest warrants. (DE 36-2.)  Olalde advised Perry that he would be arrested, and Perry fled the scene in the vehicle.  After reviewing Plaintiff's criminal history, Olalde obtained warrants for driving under suspension, second offense; failure to stop for blue lights, first offense; and resisting arrest ("the Second Incident Warrants").

Perry alleges that he was incarcerated for 99 days from September 20, 2019, to December 27, 2019, when a judge dismissed the Second Incident Warrants.  Plaintiff contends that he has suffered the loss of enjoyment of life, loss of his home, loss of his vehicle, loss of religious materials, loss of his income, loss of his family due to his confinement, defamation of his character, public embarrassment, invasion of his privacy, loss of expectation in the fairness related to his pending criminal action, incarceration without cause, fear and anxiety, loss of trust for law enforcement, among other things.  For his relief, Plaintiff asks the Court for money damages in the amount of $3,000,000, for a "full and accurate audit of all actions of the Greenville Sheriff's Office to hold all acts of misconduct accountable," and for summary dismissal of the warrant from April 2, 2019.

**LEGAL STANDARD**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

**DISCUSSION**

The Report recommends that Defendants' summary judgment motion be granted and that Plaintiff's summary judgment motion be denied. (DE 50.) Perry first objects to the Report recommending that the Defendants are immune from monetary liability pursuant to the 11th Amendment. Perry asserts that both incidents involve Defendants Lancaster and Olalde running his "surrendered" and suspended South Carolina Driver's License, instead of his validly issued Tennessee Driver's License. (DE 52.) Therefore, Perry contends both officers "failed to properly and lawfully execute their 'official duties'" because they "knowingly and willingly" failed to verify his Tennessee Driver's License. (DE 52.) However, the Court is not persuaded by this argument because even if Perry's allegations are true, the Defendants, in their official capacities, are nonetheless immune from monetary liability. As a matter of law, to the extent Perry has alleged

4

a claim for monetary damages against Defendants in their official capacities under § 1983, Defendants are entitled to immunity pursuant to the Eleventh Amendment. Therefore, Plaintiff's § 1983 claims should be dismissed. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Second, Perry objects to the Reports recommendation of Defendants' qualified immunity because he alleges that "once the stop is initiated and the 'official capacity' of color of law has seized the incident, the motives from that point on are fully and completely dependent on the "Individual." (DE 52, p. 8.) However, there is no basis in law or fact for Perry's assertion. To prevail on any of his § 1983 claims, Plaintiff must show that he was arrested without probable cause. "Whether probable cause [to believe that a criminal offense has been or is being committed] exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Davenpeck v. Alford, 543 U.S. 146, 152 (2004) (citation omitted). The analysis "turns on two factors in combination: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir. 1992). "To prove an absence of probable cause, [a plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that []he was violating the [law]." Brown v. Gilmore, 278 F.3d 362, 368. As to Lancaster, the Court holds that Plaintiff has not forecasted evidence to support a lack of probable cause. Video of the traffic stop shows Plaintiff entering the public roadway and immediately crossing over several lanes of travel and into the median without employing his turn signal. (In Car Lancaster—First View—19-055949 0:02 – 0:25.) Additionally, Perry admitted that he did not have a concealed weapons permit. Therefore, Lancaster had probable cause to stop and arrest Perry. As to Olalde, Plaintiff does not forecast any admissible evidence to rebut Olalde's statement in his affidavit that he observed

Plaintiff disregard a stop sign and noticed that he had no light illuminating his license plate. (DE 36-2.) The Court finds that Olalde had probable cause to initiate a stop and subsequently arrest Perry, notwithstanding the subsequent dismissal of the charges.

Perry further styles two objections as a request for a jury trial and an exception to the unlawful carry charge because he contends the vehicle he was driving should be considered "real property," which would fall within an exception permitting him to carry a handgun in or on his real property. Given that the request for a jury trial has no bearing on cross motions for summary judgment and because the Court takes judicial notice that a vehicle cannot qualify as real property such that a person may possess a handgun without a concealed weapons permit, the Court overrules these objections.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment (DE 36) is granted, and Plaintiff's Motion for Summary Judgment (DE 35) is denied.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 18, 2021

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.